UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. CLAIRE R. KELLY, *JUDGE*

| | |
|---|---|
| OTTER PRODUCTS, LLC, | |
|           Plaintiff, | Court No. 13-00269 |
|           v. | |
| UNITED STATES, | |
|           Defendant, | |

### [PROPOSED] ORDER

Upon reading plaintiff's motion to enforce the Court's judgment and defendant's response thereto; upon other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that plaintiff's motion to enforce the Court's judgment be, and hereby is, denied.

_____
CLAIRE R. KELLY, JUDGE

Dated:  New York, New York
        This     day of      , 2021.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, *JUDGE*

| | |
|---|---|
| OTTER PRODUCTS, LLC, | |
| Plaintiff, | Court No. 13-00269 |
| v. | |
| UNITED STATES, | |
| Defendant, | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE COURT'S JUDGMENT

Defendant, United States (Government), respectfully submits our response in opposition to plaintiff's, Otter Products, LLC (Otter), motion to enforce the Court's judgment. As reflected in Otter's motion, Otter contends that Prior Disclosure Case No. 2013-1209-162817, which is closed, should be reopened and the entries covered by it reliquidated. However, neither this prior disclosure nor the entries covered by it are within the Court's subject matter jurisdiction over Court No. 13-00269. Because Otter's motion does not actually seek to enforce the Court's judgment in this action, it should be denied.

### BACKGROUND

On August 2, 2013, Otter commenced this action by filing both its summons and a complaint. The summons stated that Otter had filed Protest No. 2006-13-101283 on July 2, 2013 and that it covered Entry Nos. 112-7334796-8, 112-7391483-3, 112-7967525-5, and 112-8546857-0. Docket No. 1. In its complaint, Otter stated that it filed this action to contest the denial of a protest under 19 U.S.C. § 1515. Docket No. 4 (Compl.) ¶ 1. Otter further stated that: it is the importer of record; its protest was filed within 180 days of liquidation of each of the

protested entries; its action was filed within 180 days of the denial of its protest; and all duties, charges and exactions assessed at liquidation were paid prior to commencing the action. Docket No. 4 (Compl.) ¶¶ 2, 3, 5, 6. Otter further stated that the Court possessed jurisdiction pursuant to 28 U.S.C. § 1581(a). Docket No. 4 (Compl.) ¶ 7.

Otter's complaint also claimed that, on November 17, 2010, Otter had filed a prior disclosure "concerning underpayment of duties on assists on the subject entries" and "submitted its loss-of-revenue calculation and payment of duties on assists to CBP in connection with the November 17, 2010, prior disclosure." Docket No. 4 (Compl.) ¶¶ 8, 9. Otter further noted that it had made payments of duties on assists for entries from January 1, 2006 to December 31, 2011, January 1, 2011 through August 31, 2011, January 1, 2012 through May 2, 2012. Docket No. 4 (Compl.) ¶¶ 10-12. Otter also stated that it began flagging entries for value reconciliation to address additional duties on assists. Docket No. 4 (Compl.) ¶ 13.

Otter's complaint then asserted in Count I that the subject merchandise should have been classified under subheading 3926.90.99 of the Harmonized Tariff Schedule of the United States (HTSUS), rather than subheading 4202.99.00, HTSUS. Docket No. 4 (Compl.) ¶¶ 14-23. Otter's Count II sought a refund of additional duties paid on assists in addition to the refund of duties paid by Otter upon entry and liquidation of the entries of the subject merchandise. Docket No. 4 (Compl.) ¶¶ 24-26. In its request for judgment in its favor, Otter sought classification under subheading 3926.90.99; that the entries which are the subject of this action shall be promptly reliquidated under subheading 3926.90.99 with a refund of all excess duties paid plus interest; and that the excess additional duties paid on assists shall be refunded to plaintiff with interest. Docket No. 4 (Compl.) at 4.

On May 26, 2015, the Court issued a decision granting plaintiff's motion for summary

judgment.  The Court found that the merchandise covered by the subject entries (112-7334796-8, 112-7391483-3, 112-7967525-5, and 112-8546857-0) was properly classifiable under subheading 3926.90.99.  70 F. Supp. 3d 1281, 1294 (Ct. Int'l Trade 2015).  The Court also stated that it exercised jurisdiction over both counts of Otter's complaint "because the subject matter of this case is the properly protested classification decision made by CBP which applies to the entire transaction value of the Subject Entries." 70 F. Supp. 3d at 1285.  The Court further observed "that for jurisdictional purposes, Plaintiff's payment on the value of assists identified in the second count is superfluous" because "[i]n disputes brought to contest the denial of a protest, the court requires payment be made on 'all liquidated duties, charges, or exactions ... at the time the action is commenced.'" *Id.* at 1297 (citation omitted).  The Court found that these duties had been paid.

Finally, in connection with its decision, the Court issued a judgment that ordered, in pertinent part, "that Plaintiff is entitled to judgment that the subject merchandise is properly classifiable in heading 3926.90.99.80, HTSUS, at a duty rate of 5.3 percent ad valorem," and "that Defendant shall reliquidate the entries covered by this action with a refund of all duties overpaid, plus interest, as provided by law."  Docket No. 57.

The Government appealed this classification determination.  The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) affirmed the Court's classification of the subject merchandise covered by Entry Nos. 112-7334796-8, 112-7391483-3, 112-7967525-5, and 112-8546857-0.  After the mandate issued, the Government sought clarification of the Court's decision.  Docket No. 63.  Because Otter's prior disclosure payments covered time periods rather than specific entries, the Government sought the clarification about refunds of post-entry tenders and an order requiring Otter "to provide (i) the specific amount that should be refunded with respect to assists

3

for Entry Nos. 112-7334796-8, 112-7391483-3, 112-7967525-5, and 112-8546857-0; and (ii) documentation showing how that amount was reached." Docket No. 67. After a conference call with the Court, Otter agreed "to exchange all necessary disaggregated information to calculate the assists associated with Plaintiff's entries and to ensure that Defendant can compute the proper sum to be refunded to comply with the judgment." Docket No. 67.[1]

### I. PLAINITFF'S MOTION DOES NOT SEEK TO ENFORCE THE COURT'S JUDGMENT, BUT SEEKS RELIEF CONCERNING A PRIOR DISCLOSURE OVER WHICH THE COURT HAS NO JURISDICTION IN THIS CASE[2]

Although Otter claims that it is seeking to enforce the Court's judgment, a review of its submission reveals that it is actually seeking to reopen Prior Disclosure No. 2013-1209-162817 (PD-162817), which, as we demonstrate below, is outside the jurisdiction of the Court over this case. *See* Proposed Order, Pl. Mot. at 15. In its proposed order, Otter requests that the Court order defendant to "reopen Prior Disclosure Case No. 2013-1209-162817;" and "reliquidate the entries covered by that Prior Disclosure with a refund of all duties overpaid, plus interest, within six months of this order." Nowhere in this Order does Otter seek to enforce the Court's May 26, 2015 Judgment. Instead, Otter attempts to bootstrap a prior disclosure dispute to the Court's decision and judgment in this action.

Specifically, Otter claims that "Defendant continues to deny OtterBox refunds pertaining to a single, but substantial, prior disclosure within the scope of this Court's orders and the Federal

---

[1] As reflected in the Court's Memorandum and Order, the amounts to be refunded under the judgment concerned only the four entries at issue in this action. Docket Nos. 57, 67.

[2] Otter's motion is replete with email exchanges, letters, and other documents concerning its discussions with U.S. Customs and Border Protection (CBP) regarding the closed prior disclosure. Pl. Br. at 3-8. To the extent Otter's motion reflects any actual settlement discussions, revealing these is inappropriate under Federal Rule of Evidence 408. We have not attempted to respond to these factual assertions because they are outside the Court's jurisdiction over this action. However, if the Court would like the Government to address these assertions, we stand ready,

4

Circuit's judgment." Pl. Mot. at 1. However, contrary to the complaint Otter filed in this action,[3] none of the entries over which this Court possesses jurisdiction is covered by a prior disclosure. Indeed, long after this litigation and its appeal were decided, Otter admitted that no prior disclosure is tied to the subject entries. Pl. Ex. 8. Because the Court's jurisdiction is limited to the four entries covered by the protest at issue in this litigation, the Court could not have possessed jurisdiction in this action over any other entries that were covered by PD-162817.

Moreover, in commencing this litigation, Otter claimed jurisdiction pursuant to section 1581(a). Section 1581(a) confers jurisdiction on this Court only for a "civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Thus, based on the terms of the statute, the Court's jurisdiction under 28 U.S.C. § 1581(a) is limited to the protests that are identified on the summons and the entries covered by such protests. *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318-1319 (Fed. Cir. 2006).

Otter does not, and indeed, cannot claim that Protest No. 2006-13-101283 encompassed PD-162817.[4] First, prior disclosures are not protestable under 19 U.S.C. § 1514, which is limited to seven categories of protestable decisions by CBP. *See* 19 U.S.C. 1514(a); *Tikal Distrib. Corp. v. United States*, 970 F. Supp. 1056, 1062 (Ct. Int'l Trade 1997); *Playhouse Import & Export, Inc. v. United States*, 843 F. Supp. 716, 718 n.4 (Ct. Int'l Trade 1994). Second, as reflected in Plaintiff's Exhibit 1, the prior disclosure letter for PD-162817 is dated December 5, 2013.

---

willing, and able.

[3] In paragraph 8 of the complaint, Otter alleges that, "[o]n November 17, 2010, OtterBox filed a prior disclosure letter, pursuant to 19 U.S.C. Section 1592(c)(4) and 19 C.F.R. Section 162.74, concerning underpayment of duties on assists on the subject entries." Defendant is unaware of any submission to the Court by plaintiff to inform it that paragraph 8 of its complaint is factually incorrect.

[4] We also note that the only prior disclosure referenced in Otter's complaint is one from November 17, 2010. Unsurprisingly, given that the December 5, 2013 prior disclosure occurred after the

However, Protest No. 2006-13-101283 was filed on July 2, 2013 and denied on August 1, 2013, well before Otter's initiation of PD-162817. Therefore, PD-162817 is not within the scope of this Court's orders or the Federal Circuit's judgment, which are limited to the entries covered by Protest No. 2006-13-101283.

Moreover, none of the entries underlying PD-162817 are covered by Protest No. 2006-13-101283, and, consequently, they are not within the court's jurisdiction over this court action. "Federal courts established under Article III of the Constitution, such as the Court of International Trade, are courts of limited jurisdiction, and are presumed to be without jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler*, 442 F.3d at 1318 (internal citations and quotations omitted). Invoking the jurisdiction of this Court pursuant to section 1581(a) requires an aggrieved party to file a protest under 19 U.S.C. § 1514. Pursuant to 19 U.S.C. §§ 1514(a) and 1514(c)(3), certain decisions of CBP, such as the classification of merchandise and the rate and amount of duties chargeable thereon, become "final and conclusive upon all persons" unless a protest is filed within 180 days after the date of liquidation. Section 1514(a). If a protest is properly made and denied by CBP, an action to challenge the denial may be filed with this Court pursuant to 28 U.S.C. § 1581(a). "A prerequisite, therefore, to jurisdiction by the court over an action of this nature is a denial of a valid protest." *Washington Int'l Ins. Co. v. United States*, 16 CIT 599, 601 (1992).

In relevant part, section 1514(c) provides that:

> A protest must set forth distinctly and specifically –
>
> (A) each decision described in subsection (a) of this section as to which protest is made;
> (B) each category of merchandise affected by each decision set forth under paragraph (1);

---

August 2, 2013 filing of Otter's complaint, it is not mentioned therein.

>    (C) the nature of each objection and reasons therefore; and
>    (D) any other matter required by the Secretary by regulation.

Customs regulations implemented to effect the statutory protest prerequisites specify additional requirements for a valid protest. In particular, 19 C.F.R. § 174.13(a) provides that a protest must contain: (1) the name and address of the protestant; (2) the protestant's importer number; (3) the number and date of the entry; (4) the date of liquidation of the entry; (5) a specific description of the merchandise affected by the decision as to which protest is made; and (6) "the nature of, and justification for each objection set forth distinctly and specifically with respect to each category, payment, claim, decision, or refusal."

Thus, the governing statutes and regulations make clear that a valid protest must contain certain information, including the CBP decision complained of, each category of merchandise affected by the decision, as well as a specific description of the merchandise affected, the reasons for the protestant's objection, and the numbers and dates of entry and liquidation.

Otter appears to be contending that the entries covered by PD-162817 are somehow within the Court's jurisdiction because the Rules of this Court do not require all the entry numbers being challenged to be listed on the summons. Pl. Mot. at 10. However, the cases cited by Otter, *Pollak Import-Export Corp. v. United States*, 52 F.3d 303 (Fed. Cir. 1995), and *DaimlerChrysler*, only allow this for actions where the entries missing from a summons were actually included in the protest. *Pollak Import-Export*, 52 F.3d at 305; *DaimlerChrysler*, 442 F.3d at 1317 (explaining *Pollak Import-Export* decision). Moreover, *DaimlerChrysler* is clear that each denied protest must be specifically identified because it is the denied protest that forms the basis of a cause of action and confers jurisdiction on the court. 442 F.3d at 1318-19. Indeed, as Otter recognizes, the summons, while not required to provide an exhaustive list of entries, does have to give fair notice to the Government of the importer's protest. Pl. Mot. at 10. As

discussed above, the protest, in turn, must list the entries which are being protested.

Otter's contention that the entries subject to all four prior disclosures were explicitly and consistently identified to CBP as within the scope of this litigation, and that CBP has refunded overpayments associated with three of the four prior disclosures does not mean that they are within the Court's jurisdiction. Pl. Mot. 10-11. "[I]t is axiomatic that the parties cannot agree between themselves and stipulate to jurisdiction in federal court." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 207 F. Supp. 2d 71, 75 (W.D.N.Y. 2002). Instead, a court must determine for itself whether jurisdiction exists. *Id.* Thus, even if CBP processed other prior disclosures consistently with the Court's final judgment in this case, it does not result in the extension of the Court's jurisdiction in this action to those prior disclosures. As discussed above, there are specific requirements that must be met to invoke the jurisdiction of this Court. Except for the four entries covered by Protest No. 2006-13-101283, which are the subject of this action, Otter has failed to satisfy these requirements for the relief it seeks in its motion.

Although the Court in this action possesses no jurisdiction over Prior Disclosure No. 2013-1209-162817, a fair reading of Otter's motion suggests that Otter believes that CBP erred in closing it. Nothing in Otter's December 5, 2013 letter plainly requests that CBP keep this prior disclosure open. Instead, Otter states that it "was unable to obtain a definitive ruling from U.S. Customs and Border Protection for these practices and OtterBox is currently contesting the duty classification of certain products it imports into the U.S., and, as stated below, OtterBox and LifeProof thus reserve any rights they may later have in the event of a favorable definitive ruling or litigation outcome." Pl. Ex. 4 at 6/217. Further, in a footnote, Otter states that it has a civil action pending in this Court "challenging the HTSUS classification of similar products," and that the "ultimate resolution of that civil action could determine the proper future classification of

8

products such as those that are subject to this prior disclosure." Pl. Ex. 4 at 9/217 n.1. *See also* Otter's February 3, 2014 Supplemental Payment Letter. Pl. Ex. 4 at 25-26/217 n.1; Otter's February 10, 2014 Letter. Pl. Ex. 4 at 146/217 n.1. CBP provided notice to Otter that this prior disclosure was accepted and closed through a letter dated November 18, 2014. Pl. Ex. 4 at 163/217. Given the lack of a definitive request, it was well within CBP's discretion to close this prior disclosure case.

Otter argues that "[i]t was understood throughout the underlying litigation that the four entries in OtterBox's summons were representative entries for many thousands of entries where the incorrect classification resulted in the overpayment of duties." Pl. Mot. at 12. However, as noted above, the Court's jurisdiction cannot be extended to any entries beyond those covered by a summonsed protest. Although the Court has a "test-case" mechanism to allow one case to proceed to judgment, while other similarly-situated actions are commenced through a summons only, *Pollak Import-Export Corp. v. United States*, 52 F.3d 303, 305 (Fed. Cir. 1995), that mechanism is not pertinent to this case.

"A test case is an action, selected from a number of other pending actions involving the same significant question of law or fact that is intended to proceed first to final determination and serve as a test of the right to recovery in the other actions." USCIT Rule 83(e).

Once a civil action has been designated a test case, an importer may request that the other pending civil actions that involve the same significant question of law or fact be suspended under the test case and placed on the court's Suspension Disposition Calendar. *See* USCIT Rule 85. In making this request, the movant must represent that it "intends to actively prosecute such case once designated; and … has other actions pending before the court that involve the same significant question of law or fact as is involved in the test case and that it will promptly suspend

under that case." USCIT Rule 83(f).  When the matter is placed on the Suspension Disposition Calendar, it is effectively stayed until the test case is decided.  *See Eastalco Aluminum Co. v. United States*, 750 F. Supp. 1135, 1137-38 (Ct. Int'l Trade 1990) (describing the purpose of the suspension/test case procedure), *vacated and remanded on other grounds*, 995 F.2d 201 (Fed. Cir. 1993).

If the government prevails on the disputed question, the importer will typically voluntarily dismiss the remaining pending civil actions.  Conversely, if the importer prevails on the disputed question, suspended cases are typically resolved through stipulated judgments on agreed statement of facts.  *See*, *e.g.,* Court Form 9.  This procedural framework allows the importer and the government to resolve the suspended cases in an efficient manner, without requiring the parties to litigate each case.  *Eastalco Aluminum Co*., 750 F. Supp. at 1137-38. Otter did not avail itself of this procedure, and it cannot replace this framework with its "representative cases" theory.

Nor can Otter be rescued by the *Pollak Import-Export* decision.  Pl. Mot. at 12.  Otter cites *Pollak Import-Export* ("finding compliance with the 'form, manner, and style' set forth by the Court to be a housekeeping provision and not an essential element of a claim") to suggest that an importer need only protest a few entries and commence an action on that protest to preserve all its claims as to other entries of similar merchandise while also conferring the Court's jurisdiction on these unprotested entries.  Otter is wrong and misstates *Pollak Import-Export*.

In *Pollak Import-Export*, the importer protested the liquidation of four entries, but placed only one of the entries on the summons.  *Id.* at 305.  The Federal Circuit reversed the trial court's determination that failure to list all four entries divested it of jurisdiction over the missing three entries.  *Id.* at 308.  Citing 28 U.S.C. § 1581, the Federal Circuit found that the CIT's jurisdiction

10

turned on a denied protest, not whether the summons filed with the Court listed all of the entries covered by the protest set forth on the summons.  *Id.* at 306.  The Federal Circuit found the CIT's rules as to the content and form of a summons did not constitute a predicate to jurisdiction, but, instead, were housekeeping provisions.  *Id.* at 306-307.  Here, there is only one protest before the Court and it covers only four entries.  Otter cannot expand the Court's jurisdiction in this action to entries that were not part of the protest that conferred this Court's jurisdiction.

      Finally, Otter notes that an agency acts arbitrarily when it offers insufficient reasons for treating similar situations differently.  Pl. Mot. at 13.  However, that is not the situation here.  Otter states that "the LAX FP&F office improperly closed this case."  Pl. Br. at 9.  As we explained above, Otter failed to clearly request that Prior Disclosure Case No. 2013-1209-162817 remain open.  Therefore, it was well within CBP's discretion to accept and close this prior disclosure.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's motion to enforce the Court's judgment.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

By:    /s/ Justin R. Miller
    JUSTIN R. MILLER
    Attorney-in-Charge
    International Trade Field Office

    /s/ Beverly A. Farrell
    BEVERLY A. FARRELL
    Senior Trial Attorney
    Civil Division, Dept. of Justice
    Commercial Litigation Branch
    26 Federal Plaza, Room 346
    New York, New York l0278
    Tel. No. 2l2-264-9230 or 0483
    Attorneys for Defendant

Dated: June 25, 2021