Slip Op. 21-103

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>     Defendant. | Before: Claire R. Kelly, Judge<br><br>Court No. 13-00269 |

## MEMORANDUM AND ORDER

[Denying Plaintiff's motions for leave to file a reply and to enforce judgment.]

Dated: August 18, 2021

Louis S. Mastriani and Lydia C. Pardini, Adduci, Mastriani & Schaumberg, L.L.P., of Washington D.C., for Plaintiff Otter Products, LLC.

Justin R. Miller, attorney-in-charge, International Trade Field Office, and Beverly A. Farrell, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. Also on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director.

     Kelly, Judge: Before the court are Plaintiff Otter Products, LLC's ("OtterBox") motions to enforce the court's June 2, 2015 judgment (see Judgment, June 2, 2015, ECF No. 57 ("Judgment")) and for leave to file a reply in further support of the motion to enforce the Judgment. See Pl.'s Mot. to Enforce Ct.'s J., June 2, 2021, ECF No. 71

("Mot. to Enforce"); Pl.'s Mot. for Leave to File Reply in Supp. of Mot. to Enforce Ct.'s J., July 2, 2021, ECF No. 75 ("Mot. for Reply").[1]

OtterBox asks the court to order Defendant United States to re-open a prior disclosure filed on December 5, 2013 with U.S. Customs and Border Protection's ("CBP") Fines, Penalties, and Forfeitures office in Los Angeles under Prior Disclosure No. 2013-1209-162817 (the "Prior Disclosure") and closed by CBP on November 18, 2014. Mot. to Enforce at 4–6, 9. OtterBox alleges that CBP was required to keep the Prior Disclosure open until final resolution of the above-entitled action and then liquidate the entries covered by the Prior Disclosure in accordance with the court's Judgment. Id. at 11. OtterBox argues that CBP erred in closing the Prior Disclosure and is required by the court's Judgment to re-open the Prior Disclosure and re-liquidate the entries in that prior disclosure in accordance with the Judgment.[2] Id.

Defendant opposes the Motion to Enforce on the grounds that payments made in connection with a prior disclosure are voluntary and not protestable, that neither the Prior Disclosure, nor the entries referenced in it, were part of the above-entitled action, and that therefore the Court does not have jurisdiction to grant the relief

---

[1] OtterBox's proposed reply brief ("Proposed Reply") is annexed to the Motion for Reply. See Mot. for Reply.

[2] Because OtterBox paid duties on the entries covered by the Prior Disclosure at a rate of 20% based on CBP's erroneous classification of OtterBox's merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 4202.99.9000, Otterbox asks the court to order CBP to re-open the Prior Disclosure and re-liquidate the covered entries, so that it would receive a refund for the duties it paid above the rate of 5.3% pursuant to HTSUS subheading 3926.90.9980, plus interest. Id. at 9.

OtterBox seeks in its Motion to Enforce. See Def.'s Resp. in Opp'n. to Pl.'s Mot. to Enforce Ct.'s J. at 4–11, June 25, 2021, ECF No. 74 ("Def. Opp."). Defendant opposes the Motion for Reply on the grounds that OtterBox's Proposed Reply does not contain any information or argument that could not have been or was not raised in its moving papers and that, in any event, the additional argumentation is irrelevant because "[t]he Court needs no help in construing the scope of its own jurisdiction, which is currently the only subject at issue regarding [OtterBox's Motion to Enforce]." Def.'s Resp. in Opp'n. to Pl.'s Mot. for Leave to File Reply in Supp. of Mot. to Enforce the Ct.'s J. at 7–9, July 23, 2021, ECF No.76.

For the following reasons, the court denies OtterBox's Motion to Enforce and Motion for Reply.

## BACKGROUND

The court presumes familiarity with the facts of this case as set forth in this court's and the U.S. Court of Appeals for the Federal Circuit's previous decisions, and now recites only those facts relevant to the disposition of OtterBox's motions. See Otter Products, LLC v. United States, 39 CIT __, 70 F. Supp. 3d 1281 (2015) ("OtterBox I"); Otter Products, LLC v. United States, 834 F.3d 1369 (Fed. Cir. 2016) ("OtterBox II"); Memo. & Order, Feb. 1, 2017, Dkt. 67 ("OtterBox III"). On August 2, 2013, OtterBox filed a complaint in this Court challenging CBP's classification of certain of its merchandise under HTSUS subheading 4202.99.9000 at a duty rate of 20%. See Compl. ¶¶ 16–23, August 2, 2013, ECF No. 4. OtterBox contended that its

merchandise was properly classified under HTSUS subheading 3926.90.9980 at a duty rate of 5.3%.  Id. ¶ 23.  The classification dispute affected the duty rate of the entire transaction value of the merchandise OtterBox entered, protested, and challenged, which included the value of any assists.  See OtterBox I, 39 CIT at __, 70 F. Supp. 3d at 1284.  OtterBox alleged that it had not paid duty on certain assists upon entry of the merchandise, and those assists were the subject of post-entry tenders as well as reconciliation entries.  Compl. ¶¶ 8–13; see also Pl.'s Memo. in Supp. of Mot. for Summ. J. at 26–27, Oct. 9, 2014, ECF No. 25-1 ("Pl. SJ Br."); Answers to Questions Presented in Teleconf. of Apr. 2, 2015, Ex. 1, Apr. 17, 2015, Dkt. 50 ("Def. Suppl. Submission on Post-Entry Tenders").

OtterBox's Complaint asserted the Court possessed jurisdiction pursuant to 28 U.S.C. § 1581(a) because OtterBox challenged the denial of a protest it made pursuant to 19 U.S.C. § 1515.  Id. ¶¶ 1, 7.  OtterBox's summons identified Protest No. 2006-13-101283 (the "Subject Protest"), filed on July 2, 2013 and denied on August 1, 2013, which covered Entry Nos. 112-7334796-8, 112-7391483-3, 112-7967525-5, and 112-8546857-0 (the "Subject Entries").  See Summons, Aug. 2, 2013, ECF No. 1.  OtterBox paid two post-entry tenders of additional duties on assists related to the Subject Entries that were not paid at the time of entry.  See Compl. ¶ 11–12; Pl. SJ Br. at 26–27; Def. Suppl. Submission on Post-Entry Tenders, Ex. 1,.  On December 5, 2013, OtterBox filed the Prior Disclosure.  Mot. to Enforce at 3–4.

After cross-motions for summary judgment, the court issued an opinion holding that CBP had erroneously classified the Subject Entries and entered a Judgment that ordered Defendant to reliquidate the Subject Entries under HTSUS subheading 3926.90.9980 at the lower duty rate of 5.3% and to refund all duties overpaid, plus interest, as provided by law. See OtterBox I, 39 CIT at __, 70 F. Supp. 3d at 1295–98; see also Judgment. Defendant appealed the court's decision that the Subject Entries were misclassified, and the Court of Appeals affirmed this court's Judgment. See OtterBox II, 834 F.3d at 1381. Following the Court of Appeals' decision, Defendant filed a motion for clarification of the Judgment regarding post-entry tenders relating to assists. See Def.'s Mot. for Clarification of Ct.'s J., Jan. 12, 2017, ECF No. 63 ("Mot. to Clarify Judg."). The court denied the motion, holding,

> The court's opinion speaks for itself on the issue of whether the judgment requires a refund of overpayment duties associated with post-entry tenders. The court clearly determined that "the ad valorem duty rate of 5.3% applies to the entire transaction value of OtterBox's entries, including the value of assists paid subsequent to importation."

OtterBox III at 2 (quoting OtterBox I, 39 CIT at __, 70 F. Supp. 3d at 1284).

OtterBox now brings the present Motion to Enforce and related Motion for Reply, asking the court to require Defendant to re-open the Prior Disclosure and reliquidate the associated entries on the grounds that the court's Judgment applies not only to the Subject Entries that were covered by the protest identified on OtterBox's Summons, but also to all other entries of the same or similar merchandise. Mot. to Enforce at 9–11. For the following reasons, the court declines to expand its

Judgment beyond the entries that were the subject of OtterBox's protest listed on the Summons and denies the Motion to Enforce and the Motion for Reply.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (2018),[3] and 28 U.S.C. § 1581(a) (2018).[4] The Court has inherent authority to enforce its own judgments. See B.F. Goodrich Co. v. United States, 18 CIT 35, 36 (1994). This authority includes the "power to determine the effect of its judgments and issue injunctions to protect against attempts to attack or evade those judgments." United States v. Hanover Ins. Co., 82 F.3d 1052, 1054 (Fed. Cir. 1996).

The Court grants motions to enforce a judgment "when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment." GPX Int'l Tire Corp. v. United States, 39 CIT __, __, 70 F. Supp. 3d 1266, 1272 (2015) (quoting Heartland Hosp. v. Thompson, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

The Court has discretion to accept a reply brief on a non-dispositive motion. See Retamal v. U.S. Customs & Border Prot., Dep't of Homeland Sec., 439 F.3d 1372, 1377 (Fed. Cir. 2006) (noting that the court may allow reply briefs for non-dispositive motions).

---

[3] Further citations to the Tariff Act of 1930, as amended, are to the relevant sections of Title 19 of the U.S. Code, 2018 edition.
[4] Further citations to Title 28 of the U.S. Code are to the 2018 edition.

## DISCUSSION

OtterBox asks the court to order CBP to reopen the Prior Disclosure and reliquidate the associated entries at a duty rate of 5.3% pursuant to HTSUS subheading 3926.90.9980. Mot. to Enforce at 14. OtterBox asserts that the court's Judgment applies to the Prior Disclosure, and therefore Defendant is required to reopen the Prior Disclosure and reliquidate the entries covered by the Prior Disclosure in accordance with the Judgment. Id. at 9. Defendant opposes the Motion to Enforce on the grounds that neither the Prior Disclosure nor the entries associated with it were part of the Subject Protest listed on the Summons and therefore are not within the Court's subject matter jurisdiction in this action. Def. Opp. at 4. For the following reasons, the Court lacks jurisdiction over the entries encompassed by the Prior Disclosure and therefore denies OtterBox's motion.

The Court of International Trade ("CIT"), like all federal courts established under Article III of the U.S. Constitution, is a court of limited jurisdiction. DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006). The CIT is presumed to lack jurisdiction unless an affirmative basis for jurisdiction can be demonstrated. Id. When an action is brought under 28 U.S.C. § 1581(a), jurisdiction is predicated upon a denied protest of CBP action pursuant to 19 U.S.C. §§ 1514, 1515. See id. at 1314–15 (detailing statutory and regulatory framework for filing protests and appealing denied protests). If CBP denies a protest pursuant to 19 U.S.C. § 1515, an importer can challenge the denial pursuant to 19 U.S.C.

§ 1514(a) and 28 U.S.C. § 1581(a). Id. at 1319. Moreover, jurisdiction under 28 U.S.C. § 1581(a) attaches only to protests identified on the summons. Id. ("The plain language of the pertinent statutes establishes that the [CIT] has jurisdiction only to review 'the denial of *a protest*,' and that each protest denial is the basis of a separate claim." (Emphasis in original) (citations omitted)).

The parties contested the scope of this Court's jurisdiction in OtterBox I. In briefing the cross-motions for judgment on the agency record, the parties disputed whether the Court had jurisdiction over Count II of OtterBox's complaint, which sought the "refund [of] all additional overpayments of duties paid on assists, with all applicable interest" in addition to a refund of overpayments made upon the entry and liquidation of the Subject Entries. Compl. ¶ 26; see also Def.'s Cross-Mot. for Summ. J. at 22–23, Dec. 17, 2014, ECF No. 37; Pl.'s Resp. to Def.'s Cross-Mot. for Summ. J. & Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J. at 17–20, Jan. 26, 2015, ECF No. 39; Def.'s Reply Memo. of Law in Opp'n to Pl.'s Mot. for Summ. J. & in Further Supp. of Def.'s Cross-Mot. for Summ. J. at 12–13, Feb. 18, 2015, ECF No. 42. In OtterBox I, the court held that OtterBox's challenge of the denial of the Subject Protest gave the Court jurisdiction over all payments made in connection with the Subject Entries, including payments made after entry. OtterBox I, 39 CIT at __, 70 F. Supp. 3d at 1296 ("a protest as to classification and the associated rate of duty applies to all duties paid including those paid in the form of an assist"). As discussed, OtterBox tendered

Court No. 13-00269 Page 9

post-entry payment of assists for the Subject Entries. Def. Suppl. Submission on Post-Entry Tenders, Ex. 1. However, the court noted that

> It is unclear if Plaintiff believes the court should exercise jurisdiction over two reconciliation entries but the court clearly cannot . . . . A reconciliation entry "is treated as an entry for purposes of liquidation, reliquidation, recordkeeping, and protest." 19 U.S.C. § 1401(s); 19 U.S.C. § 1514(a)(5). The Summons, which is the initial pleading in a suit challenging the denial of a protest, lists only one protest, 2006-13-101283. This protest, which forms the subject matter of this lawsuit, was filed on July 2, 2013 and was deemed denied on August 1, 2013. Reconciliation entry numbers 112-1776985-4 and 112-2136079-9 were entered on November 27, 2013 and March 4, 2014, well after OtterBox's protest was filed. OtterBox's protest could not have challenged the relevant reconciliation entries as they were not yet filed and they are not the subject of this case. Thus, the court does not have jurisdiction over these reconciliation entries.

OtterBox I, 39 CIT at __ n. 10, 70 F. Supp. 3d at 1297 n. 10 (some citations omitted).[5]

After an unsuccessful appeal (see OtterBox II), Defendant sought clarification of the court's Judgment in OtterBox I, asking the court to further explain whether the Judgment applied to post-entry tenders relating to unpaid assists for the Subject Entries. Mot. to Clarify Judg. at 2–3. The court denied the request for clarification explaining that the opinion spoke for itself in concluding that the classification rate would apply to the entire transaction value of the Subject Entries, including assists. See OtterBox III at 2.

---

[5] The post-entry tenders for assists for the Subject Entries are distinct from tenders in connection with reconciliation entries as noted in OtterBox I. Id. In any event, the Prior Disclosure does not cover tenders for assists for the Subject Entries.

Court No. 13-00269                                                                                                     Page 10

Plaintiff claims that the court's Judgment reaches the Prior Disclosure. The approximately 100 entries included in the Prior Disclosure were entered between July 10, 2012 and April 19, 2013. Mot. to Enforce, Ex. 1, ECF No. 71-1.[6] However, the entries included in the Prior Disclosure were not part of the Subject Protest which forms the basis of the Court's jurisdiction in this action. Because the entries associated with the Prior Disclosure were not part of the Subject Protest, they are not part of this action and the Court does not have jurisdiction to order the relief OtterBox requests.[7] See DaimlerChrysler, 442 F.3d at 1319.

OtterBox is correct in arguing that the court's opinion in OtterBox I states that "the ad valorem rate of 5.3% applies to the entire transaction value of OtterBox's entries, including the value of assists paid subsequent to importation." Mot. to Enforce at 9 (quoting OtterBox I, 39 CIT at __, 70 F. Supp. 3d at 1284). However, that statement refers to the Subject Entries that OtterBox protested and summonsed in this case, which were the subject of the Court's jurisdiction; not to all other entries, whether entered before or after the Subject Entries, that were not the subject of this action. See OtterBox I, 39 CIT at __ n. 2, 70 F. Supp. 3d at 1285 n. 2. OtterBox seems to be arguing that OtterBox I mandates the return of any duties ever paid in

---

[6] On February 3, 2014, OtterBox submitted a supplement to the Prior Disclosure that included an 87-page spreadsheet listing additional entries that were entered between June 30, 2011 and December 1, 2013. Mot. to Enforce, Ex. 4, ECF No. 71-4. None of those entries is listed on the Summons or the Subject Protest.

[7] Indeed, OtterBox states in the Prior Disclosure that this action "could determine the proper future classification of products such as those that are subject to this prior disclosure." Mot. to Enforce, Ex. 1 at 5, n. 1.

Court No. 13-00269 Page 11

connection with CBP's erroneous classification of the same or similar merchandise that was the subject of its Subject Protest.  Mot. to Enforce at 9–11.  OtterBox's argument fails. The court's classification Judgment does not automatically compel reliquidation of the entries associated with the Prior Disclosure, which are separate transactions.[8]  See Avenues in Leather, Inc. v. United States, 317 F.3d 1399, 1403 (Fed. Cir. 2003); DaimlerChrysler, 442 F.3d at 1321.  Thus, OtterBox cannot use the court's Judgment relating to the misclassification of the Subject Entries to obtain reliquidation and/or refunds for entries that were not part of the Summons and thus not subject to the Court's jurisdiction.

OtterBox's contention that Defendant's actions subsequent to the court's Judgment demonstrate that Defendant understood the Court's jurisdiction to cover the Prior Disclosure is meritless.  See Mot. to Enforce at 12.  OtterBox argues, and Defendant does not dispute, that CBP reliquidated several thousand entries of OtterBox's merchandise, refunded to OtterBox duties that it had paid above 5.3% on those entries, held open three other prior disclosures, and liquidated the associated entries at the duty rate of 5.3% in accordance with the Judgment.  See id. at 12–13; Def. Opp. at 8.  However, it is axiomatic that parties cannot agree to give a federal court subject matter jurisdiction that it would not otherwise possess, and that the

---

[8] The court need not reach the question of whether payments made in connection with prior disclosures are voluntary and thus not protestable. See Def. Opp. at 5.  It is undisputed that the entries associated with the Prior Disclosure were not part of the Subject Protest and not listed on the Summons, and the Prior Disclosure was closed approximately seven years ago.  Mot. to Enforce at 3–5.

Court No. 13-00269 Page 12

government cannot waive the defense that a court lacks subject matter jurisdiction. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("no action of the parties can confer subject-matter jurisdiction upon a federal court"); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("subject matter jurisdiction . . . can never be forfeited or waived" (internal quotation marks omitted)). Nor is OtterBox's contention that it intended for this action to apply to the Prior Disclosure sufficient to subject the entries included in the Prior Disclosure to the Court's jurisdiction. See Mot. to Enforce at 10–13. The court's Judgment in this case did not and does not apply to anything other than the Subject Protest and associated Subject Entries.[9] The Motion to Enforce is denied.

---

[9] OtterBox's reliance on Pollack Import-Export Corp. v. United States, 52 F.3d 303 (Fed. Cir. 1995), and VWP of America, Inc. v. United States, 30 CIT 1580 (2006), to argue that it need not include on the Summons every entry number that OtterBox intended to be subject to the Court's jurisdiction in this action is misplaced. See Mot. to Enforce at 10. In both Pollack and VWP, the importer failed to correctly list every entry number associated with the protest that was the subject of its summons. Pollack, 52 F.3d at 307–08; VWP, 30 CIT at 1580–82. However, the courts in those cases found that although it is not necessary in every instance to correctly identify each entry number associated with a denied protest, an importer must identify on the summons each protest the denial of which is being challenged. Id. at 306–08; VWP, 30 CIT at 1585–87. As the Court of Appeals held in DaimlerChrysler, the Court can only exercise jurisdiction over a protest, the denial of which is challenged, and the entries associated with that protest. DaimlerChrysler, 442 F.3d at 1320–21. Here, it is undisputed that OtterBox's Summons did not include any protest related to the entries at issue in the Prior Disclosure. See Mot. to Enforce at 10–13; Def. Opp. at 7–8.

OtterBox's Motion for Reply is also denied, as it does not contain any argument that could not have been made in OtterBox's moving papers, and because nothing in the Proposed Reply serves to aid in the court's understanding of the sole issue before the court, which is the scope of the Court's jurisdiction in this action.[10] As stated above, the Court's jurisdiction is derived from the Summons, which lists only the Subject Protest and the Subject Entries; not any of the entries associated with the Prior Disclosure. OtterBox was aware of Defendant's position that the Court does not have jurisdiction over the Prior Disclosure and indeed addressed the jurisdictional arguments in its moving papers. Mot. to Enforce at 12. To the extent the Proposed Reply contains additional arguments as to the Court's purported jurisdiction over the Prior Disclosure, they should have been raised in the moving papers and, in any event, are meritless. The Motion for Reply is denied.

## CONCLUSION

For the foregoing reasons, upon consideration of OtterBox's Motion to Enforce the Court's Judgment and Motion for Leave to File a Reply in Support of its Motion to Enforce the Court's Judgment, and upon due deliberation, it is

---

[10] OtterBox's Motion for Reply contains little more than a recitation of the standard of review for its motion and a conclusory statement that the Proposed Reply meets that standard. Mot. for Reply at 1–2. OtterBox offers no analysis as to why the Proposed Reply meets the standard and why the court should accept the additional brief.

Court No. 13-00269 Page 14

**ORDERED** that the Motion for Leave to File a Reply in Support of [OtterBox's] Motion to Enforce the Court's Judgment is denied; and it is further

**ORDERED** that the Motion to Enforce the Court's Judgment is denied.

                                               /s/ Claire R. Kelly
                                               Claire R. Kelly, Judge

Dated:      August 18, 2021
              New York, New York